UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIGGS & STRATTON, LLC,

    Plaintiff,

  v.                                            Case No. 25-CV-718

CONGDON ASSOCIATES
d/b/a CADCO,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

This declaratory action arises out of the contractual relationship between Briggs & Stratton, LLC ("Briggs"), and one of its distributors, Congdon Associates d/b/a CADCO ("CADCO"). (Compl., Docket # 1.) Briggs manufactures Ferris-branded lawn and garden equipment that CADCO purchases and sells throughout the eastern United States. Briggs seeks to clarify its contractual rights with respect to CADCO's distribution rights. CADCO moves to dismiss Briggs' complaint for lack of personal jurisdiction and improper venue, or in the alternative, to have this action transferred to the Eastern District of Pennsylvania. For the reasons set forth below, CADCO's motion is denied.

## BACKGROUND

Briggs is a Delaware-registered limited liability company with its principal place of business in Wisconsin. (Compl. ¶ 4.) CADCO is a New Jersey corporation with its principal place of business in Pennsylvania. (*Id.* ¶ 5.) On or about April 30, 1999, CADCO and Ferris Industries ("Ferris") entered into a Distributor Agreement (the "Agreement") wherein CADCO was designated as an authorized distributor of, among other things, Ferris-branded

lawn and garden equipment. (Compl. ¶ 9.) In 2004, Briggs acquired Ferris and was assigned Ferris' rights under the Agreement with CADCO. (Declaration of Matthew Congdon ("Congdon Decl.") ¶ 5, Docket # 11.) The Agreement authorizes CADCO to purchase and resell the equipment to retail dealers, who ultimately sell the equipment to customers. (Compl. ¶ 11.) CADCO sells the equipment to authorized retail dealers throughout Pennsylvania, New Jersey, Delaware, and Maryland ("CADCO territory"). (*Id.*) Briggs alleges that CADCO has consistently underperformed as an authorized distributor of the equipment. (*Id.* ¶ 2.)

On March 19, 2025, the parties discussed CADCO's performance and Briggs informed CADCO that it intended to deploy business development managers to increase new dealer direct recruitment and to improve Briggs' market share presence in the CADCO territory. (*Id.* ¶ 21.) On March 27, CADCO's counsel informed Briggs that its proposed plan would breach the Agreement by inviting new dealerships into what CADCO deems its exclusive territory. (*Id.* ¶ 22.)

Through this action, Briggs seeks to establish whether CADCO has the exclusive right to sell and service the equipment in the CADCO territory or whether Briggs has the unilateral right to sell directly, or through additional resellers, to authorized retail dealers in the CADCO territory. (*Id.* ¶ 24.) Specifically, Briggs seeks a declaration that the Agreement does not grant CADCO the exclusive rights to market, sell, or service the equipment in the CADCO territory. Additionally, Briggs seeks to confirm that it possesses the contractual right, without recourse or liability, to: (1) sell the equipment directly within, or to appoint new resellers within, the CADCO territory; and (2) terminate its distribution relationship with CADCO in accordance with the Agreement. (*Id.* ¶ 31.)

## ANALYSIS

CADCO moves to dismiss under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue. Alternatively, CADCO seeks to have the action transferred to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a). I will address each argument in turn.

1. *Personal Jurisdiction*

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the party asserting jurisdiction to make a *prima facie* showing supporting that assertion. *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where, as here, the court rules on a defendant's motion to dismiss based on the submission of written materials, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* Once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783. In deciding the dismissal motion, the court must accept as true all well-pleaded facts alleged in the complaint and also resolve in plaintiff's favor all disputes concerning relevant facts presented in the record. *Id.* at 782–83.

CADCO argues that it lacks sufficient contacts with Wisconsin to confer personal jurisdiction in this Court. (Def.'s Br. at 5–11, Docket # 10.) It argues that it has never distributed products in Wisconsin, does not market or solicit business in Wisconsin, nor does it have offices, agents, warehouses, or facilities in Wisconsin. (*Id.* at 7–8.) The only tie

3

CADCO has to the forum is the contractual relationship with Briggs that was created upon Briggs' acquisition of Ferris in 2004. (*Id.*) Even so, CADCO maintains that it could not anticipate being haled into court in Wisconsin because it exclusively distributes products throughout the eastern United States.

Briggs, in contrast, argues that CADCO has consented to jurisdiction in Wisconsin based on the Agreement's forum selection clause. (Pl.'s Br. at 8–11, Docket # 14.) It argues that the Agreement explicitly confers jurisdiction in the state in which Ferris has its principal office, which, since Briggs' acquisition, has been Wisconsin. (*Id.* at 11.) In response, CADCO argues that the forum selection clause does not confer jurisdiction in Wisconsin, nor does it identify Wisconsin as a potential forum. Instead, CADCO argues that the Agreement confers jurisdiction in either New York or Pennsylvania—the forums CADCO and Ferris agreed to at the time of executing the Agreement in 1999. (Reply Br. at 1–6, Docket # 16.)

> Section 21 of the Agreement provides:
>
> This agreement has been executed and delivered in the State of New York and such execution and delivery shall be deemed to be the transaction of business within the State of the Distributor and Ferris for the purposes of conferring jurisdiction upon Courts located within the State. This agreement and the rights and obligations executed from time to time shall be construed and interpreted in accordance with the laws of the State of New York. The parties agree that any action or proceeding arising out of or relating to this agreement including any action of any kind arising from security agreements executed pursuant to it may be commenced in the State Supreme Court or other State Court in the County in which Ferris Industries, Inc. shall have its principal office and each party agrees that a summons and complaint commencing an action or proceeding in any such Court shall be properly served and shall confer personal jurisdiction if served personally or be registered mail to it at its address set forth above, or it otherwise provided under the laws to the State of New York.[1]

(Docket # 1-1 at 3–4.)

---

[1] Though the Agreement selects New York law, the parties primarily apply case law from within the Seventh Circuit.

The parties do not dispute the validity of Section 21; rather, they offer distinct interpretations. As noted, Briggs contends CADCO consented to the jurisdiction of Wisconsin courts because that is the current location of Ferris' principal office. CADCO's interpretation is unique. CADCO argues that the Agreement ties personal jurisdiction to the states where Ferris and CADCO resided in 1999 (Pennsylvania and New York), or the location of Ferris' principal office in 1999 (New York). CADCO's preferred interpretation hinges on the first sentence of Section 21, which states, "[t]his agreement has been executed and delivered in the State of New York and such execution and delivery shall be deemed to be the transaction of business within the State of the Distributor and Ferris for the purposes of conferring jurisdiction upon Courts located within the State." (Docket # 1-1 at 3.) CADCO argues this language, considered together with the provision tying personal jurisdiction to the location of Ferris' principal office, conveys CADCO's and Ferris' intent to confer jurisdiction only upon the courts of New York and Pennsylvania.

I find CADCO's interpretation linking personal jurisdiction to New York or Pennsylvania, at the exclusion of all other forums, belied by the plain language of Section 21. To begin, the first sentence of Section 21 reflects the parties' intent to identify New York, not Pennsylvania, as a potential forum since that is where the contract was executed. The language states that due to execution and delivery of the Agreement in New York, New York shall be deemed the "transaction of business" between the state of CADCO and Ferris "for the purposes of conferring jurisdiction upon Courts located within the State." But it does not necessarily follow that New York is the *only* appropriate forum. This non-exclusionary interpretation is also supported by the Agreement's permissive forum selection clause, stating that actions arising out of or relating to the contract "may be commenced" in the state court

5

of the county in which Ferris has its "principal office and each party agrees that . . . an action or proceeding in any such Court . . . shall confer personal jurisdiction . . . ." (Docket # 1-1 at 3–4 (emphasis added).) But there is nothing in this language requiring litigation to commence in New York. *See IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022) ("The central inquiry . . . is whether a clause is merely a party's consent to a court's jurisdiction—constituting a permissive forum selection clause—or whether the clause has mandatory language specifying that disputes under the contract "shall" or "will" be litigated in a specific venue or forum."). Thus, even if CADCO's interpretation was correct, Briggs was not required to litigate in New York or Pennsylvania.

The question remains, however, of whether CADCO is subject to the Court's jurisdiction. CADCO argues that despite Ferris' assignment of the Agreement to Briggs, Briggs did not inherit Ferris' rights under the forum selection clause because the clause does not state it is applicable to assignees. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 607, 612–13 (7th Cir. 2006) (upholding forum selection clause that stated "[t]his agreement shall be governed, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located"). I disagree.

A basic principle of contract law is that an assignee substitutes for the assignor. *Moutsopoulos v. Am. Mut. Ins. Co. of Boston*, 607 F.2d 1185, 1189 (7th Cir. 1979) ("Elementary contract law provides that upon a valid and unqualified assignment the assignee stands in the shoes of the assignor and assumes the same rights, title and interest possessed by the assignor."). Accordingly, as the assignee of Ferris, Briggs inherited the same rights possessed by Ferris to pursue litigation in the forum of its principal office. Additionally, CADCO's

relationship with Briggs has functioned as a continuation of its relationship with Ferris. Further, CADCO executives have offered to travel to Milwaukee "to discuss future plans for Cadco and Ferris." (Declaration of Michelle Kumbier ("Kumbier Decl.") Exhibit 1, Docket # 15-1 at 2.) Such an offer signifies CADCO's recognition that the Briggs' executives with the relevant decision-making authority reside in Milwaukee. And finally, valid forum selection clauses should be enforced absent a showing that "trial in the 'contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court . . . .'" *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1291 (7th Cir. 1989) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). CADCO has not shown why the forum selection clause should be set aside. Accordingly, CADCO's motion to dismiss for lack of personal jurisdiction is denied.

    2.    *Venue*

CADCO also moves to dismiss Briggs' complaint based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The federal venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in the following judicial districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it does not,

venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* When considering a motion to dismiss under Rule 12(b)(3), the court "may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808 (7th Cir. 2016). Further, while the court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint when considering a motion to dismiss, this rule is "less absolute when considering a motion to dismiss under Federal Rule 12(b)(3)." *Id.* at 809. Rather, on such motions, the court "assumes the truth of the allegations in the plaintiff's complaint, unless contradicted by the defendant's affidavits." *Id.* (emphasis in original). Once a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper in the chosen district. *Robillard v. Knutson*, No. 24-CV-1077, 2025 WL 1895986, at *4 (E.D. Wis. July 9, 2025).

CADCO argues that venue is improper in the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to this litigation did not occur in Wisconsin. However, because I find that CADCO consents to personal jurisdiction in this district based on the forum selection clause, "implicit in this consent is consent to venue as well as personal jurisdiction." *Watchfire Signs, LLC v. Catalyst Outdoor Advertising, LLC*, 2021 WL 9958248, at *11 (N.D. Ill Aug. 30, 2021) (citation and internal quotation omitted). Thus, CADCO's motion to dismiss based on improper venue is denied.

    3.    *Forum Non Conveniens*

Finally, CADCO argues that, in the alternative, this action should be transferred to the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

8

Even in light of a valid forum-selection clause, courts may still transfer a case under § 1404(a). *Heller Fin., Inc.*, 883 F.2d at 1293 (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31–32 (1988)). However, parties that agree to a valid forum selection clause "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const.*, 571 U.S. at 64. As a result, district courts may only analyze the public-interest factors. *Id.* The public interest factors the court considers include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 61 n.6 (citation omitted). Because consideration of the public-interest factors will seldom defeat a transfer motion, "the practical result is that forum selection clauses should control except in unusual cases." *Id.*

Though I find the public interest weighs slightly in favor of transfer to Pennsylvania given the local interest in resolving a controversy that will directly impact the state, I do not find this is such an exceptional case that requires transfer. CADCO has agreed to be sued in the forum of Briggs' principal office and that forum has been in the Eastern District of Wisconsin since 2004. CADCO could have at any point renegotiated the Agreement. But instead, CADCO's distribution of the Ferris equipment has remained unchanged and its relationship with Briggs has operated as a continuation of its relationship with Ferris. Further, CADCO executives have offered on multiple occasions to travel to Milwaukee to discuss its distribution of the Ferris equipment. (Docket # 15-1.) As such, CADCO's request to transfer is denied. *See Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990) (stating that § 1404(a) may not be used to rescind a valid forum selection clause).

9

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket # 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of March, 2026.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

10

Case 2:25-cv-00718-NJ    Filed 03/06/26    Page 10 of 10    Document 18