---

BRIGGS & STRATTON, LLC,

     Plaintiff,

  v.                              Case No. 25-CV-718

CONGDON ASSOCIATES
d/b/a CADCO,

     Defendant.

---

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

---

Briggs & Stratton, LLC ("Briggs"), sues Congdon Associates d/b/a CADCO ("CADCO") to determine its contractual rights under the parties' distributorship agreement. (Compl., Docket # 1.) CADCO has also filed counterclaims. (Docket # 22.) CADCO moves for reconsideration of the Court's March 6, 2026 Order denying its motion to dismiss for lack of personal jurisdiction and improper venue, or alternatively, to have the action transferred to the Eastern District of Pennsylvania. (Docket # 9, # 18, # 21.) For the reasons set forth below, CADCO's motion for reconsideration is denied.

### LEGAL STANDARD

CADCO seeks relief from a nonfinal order; thus, its motion is properly brought under Fed. R. Civ. P. 54(b). Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the . . . judge."). A motion

for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

## ANALYSIS

CADCO argues the Court incorrectly concluded that it consented to personal jurisdiction in this Court based on the forum-selection clause of the parties' Distributor Agreement (the "Agreement"). On or about April 30, 1999, CADCO entered into the Agreement with Ferris Industries ("Ferris"). (Docket # 1, ¶ 9.) The Agreement designated CADCO as an authorized distributor of the Ferris-branded lawn and garden equipment. (*Id.*) In 2004, Briggs acquired Ferris and in 2020, Briggs was assigned Ferris' rights under the Agreement. (*Id.* ¶ 10; Declaration of Matthew Congdon ("Congdon Decl.") ¶ 7, Docket # 11.) The forum-selection clause states that any "action or proceeding" under the Agreement "may be commenced in the State Supreme Court or other State Court in which Ferris Industries, Inc. shall have its principal office and each party agrees" that service of the summons and complaint commencing such a proceeding "shall confer personal jurisdiction . . . ." (Docket # 1-1 at 3–4.) The Court relied on the forum-selection clause and

2

the principles of assignment to conclude Briggs inherited the right to litigate in the forum of its principal office, Wisconsin. (Docket # 18.)

CADCO now argues that the Court erred in concluding Briggs inherited Ferris' home forum selection rights. (Docket # 21.) Specifically, CADCO argues Wisconsin's codification of Uniform Commercial Code ("UCC") § 2-210, Wis. Stat. § 402.210(2), prohibits assignment "where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on the other party by the contract, or impair materially the other party's chance of obtaining return performance." Wis. Stat. § 402.210(2); *see also* Restatement (Second) of Contracts § 317 (1981). CADCO argues that because all three exceptions apply in this case, Wis. Stat. § 402.210(2) precludes assignment of Ferris' rights under the forum-selection clause. (Docket # 21 at 3–5.) In response, Briggs argues that CADCO failed to raise this argument in its motion to dismiss and thus it is waived. (Docket # 25 at 3–4.) Briggs further argues that even if the argument was not waived it fails on the merits. (*Id.* at 4–8.) CADCO replies that waiver does not apply because it is not asserting a new theory but simply clarifying its existing position that Briggs cannot enforce the forum-selection clause because Briggs "never validly succeeded to Ferris's contractual right in the manner Briggs claims." (Docket # 27 at 1.) CADCO asserts that its motion seeks to identify governing legal authority that was "overlooked by the Court"—the exceptions to assignment found in Wis. Stat. § 402.210(2). (*Id.* at 1–2.)

CADCO is incorrect. CADCO is not simply "clarifying" its previous position. Nowhere in its previous briefs did CADCO argue that the forum-selection clause could not be assigned to Briggs because it materially changed CADCO's burdens and risks. CADCO accepted that "assignment of the Agreement inur[ed] Briggs with all of Ferris's rights

thereunder." (Docket # 10 at 10.) What CADCO did argue was that Briggs misinterpreted the forum-selection clause. (Docket # 16 at 2.) It contended that the forum-selection clause tied jurisdiction to the states where Ferris and CADCO were located when the contract was executed: Pennsylvania and New York. (Docket # 10 at 9–11; Docket # 16 at 2–6.) I considered and rejected CADCO's interpretation based on the plain language of the Agreement. (Docket # 18 at 5–6.)

CADCO states that whether an assignment of contract rights falls within one of the exceptions found in the UCC is "a question to be decided on the facts of a particular case." (Docket # 21 at 4.) It then proceeds to argue why the facts support its position. (*Id.* at 3–5.) If CADCO believed, however, that the forum-selection clause could not be assigned because it met the exceptions found in Wis. Stat. § 402.210(2), nothing prevented it from raising the issue in its motion to dismiss. Motions for reconsideration "may not raise legal theories or arguments that could have been raised in the original motion." *Kotarski v. Binks Mfg. Co.*, 837 F. Supp. 247, 252 (N.D. Ill. 1992). Because CADCO failed to raise this argument in its motion to dismiss, I do not consider it now. *See Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]ny arguments . . . raised for the first time in [a] motion to reconsider are waived.").

Nor has CADCO demonstrated that failing to consider the applicability of Wis. Stat. § 402.210(2) at this juncture raises a manifest error of law. A "manifest error" of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). CADCO has not shown that the Court failed to recognize controlling precedent. Rather, it provides additional arguments as to why a statutory exception *could* apply in this case. This is a far cry from a manifest error of law that

4

the Court overlooked. As CADCO has not shown such extraordinary circumstances require relief under Rule 54(b), its motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Reconsideration (Docket # 21) is **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of July, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

5